UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL BANKS,**

      **Plaintiff,**

   v.

**GEODIS LOGISTICS, LLC,** *et al.***,**

      **Defendants.**

      Case No. 2:24-cv-1595
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendants Anthony Sweeney and Ryan Hart's Motion for Judgment on the Pleadings (Sweeney Mot., ECF No. 9) and Plaintiff Michael Banks's Motion to Remand to State Court (Banks Mot., ECF No. 14). Plaintiff initially filed this action in the Franklin County, Ohio Court of Common Pleas, naming as defendants Geodis Logistics, LLC and three employees of Geodis: Anthony Sweeney, Ryan Hart, and Amanda Hyde (together, "Defendants"). (Compl., ECF No. 5.) Defendants timely removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332. (Rem. Not., ECF No. 1, PageID 2–3.) Defendants assert that the only Defendants properly named in Plaintiff's Complaint are not Ohio citizens and thus are completely diverse with Plaintiff, who is an Ohio citizen. (*Id.*)

Sweeney and Hart moved for judgment on the pleadings on the basis that Ohio's Employment Law Uniformity Act ("ELUA") bars Plaintiff's individual supervisory liability claims against them. (Sweeney Mot., PageID 100.) Plaintiff filed a combined Motion to Remand to State Court and Response to Defendants' Motion for Judgment on the Pleadings. (Banks Mot.) In addition to a remand to state court, Plaintiff asks for attorney's fees and costs pursuant to 28

U.S.C. § 1447(c). (*Id.*, PageID 125.) Defendants replied to Plaintiff's response and responded to Plaintiff's Motion to Remand. (ECF No. 18.) Plaintiff replied. (ECF No. 19.)

The Court concludes that Sweeney and Hart were not fraudulently joined, contrary to Defendant's urging. Therefore, there is not complete diversity between the parties, and this Court does not have subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand to State Court (ECF No. 14) and this case is **REMANDED** to the Franklin County Court of Common Pleas. Defendants Sweeney and Hart's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED AS MOOT**.

## BACKGROUND

From January 2018 to March 2022, Plaintiff worked as a janitor for Geodis, a logistics company formed in Tennessee. (Compl., ¶¶ 7–8; *see* Banks Decl., ECF No. 14-1, ¶ 2). Geodis's sole member is organized under the laws of Delaware. (Rem. Not., ¶ 13.) Plaintiff, who is an African American man, alleges that he experienced racial discrimination and harassment at work, including frequent racist remarks directed at him. (Compl., ¶¶ 14–16.) He suffers from major depressive disorder and claims that these remarks caused his depression to become so severe that he had to take leave for three months as an accommodation for his mental health disability. (*Id.*, ¶¶ 18–19.) Plaintiff claims he "reported the behavior to Defendants on multiple occasions, but his concerns were never addressed." (*Id.*, ¶ 17.)

On March 3, 2022, Geodis terminated Plaintiff's employment for Plaintiff's own alleged use of racial slurs. (*Id.*, ¶ 24.) Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission on May 15, 2023. (*Id.*, ¶ 26.) Plaintiff alleges that Defendants Sweeney, Hart, and Hyde each had supervisory authority over him and that each was "responsible for, and/or [] participated in, the adverse employment action(s)

against" him. (*Id.*, ¶¶ 9–11.) He claims that Hyde resides in Tennessee and that Sweeney and Hart reside in Ohio. (*Id.*)

Plaintiff then filed this lawsuit in state court on February 29, 2024. (*See* Compl.; Rem. Not., ¶ 1.) Under Ohio Rev. Code § 4112 generally, Plaintiff claimed the following:

- Count I: "Race Discrimination – Termination of Employment" (against Geodis)

- Count II: "Disability Discrimination" (against Geodis)

- Count III: "Regarded-As Disability Discrimination – Termination of Employment" (against Geodis)

- Count IV: "Retaliation – Termination of Employment" (against all Defendants)

- Count V: "Racial Harassment – Hostile Work Environment" (against Geodis)

- Count VI: "Disability Discrimination – Failure to Accommodate" (against Geodis)

- Count VII: "Aiding and Abetting Unlawful Discrimination and Retaliation" (against Sweeney, Hart, and Hyde).[1]

(Compl., ¶¶ 27–63.) Regarding Count VII, Plaintiff alleges Sweeney, Hart, and Hyde each "violated Ohio Rev. Code 4112.02(J) when they aided, abetted, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff." (*Id.*, ¶¶ 62–63.) Plaintiff requests reinstatement and damages. (*Id.*, PageID 75.)

Defendants removed the case to this Court, claiming that Plaintiff fraudulently joined Defendants Sweeney and Hart to defeat diversity jurisdiction and prevent removal. (Rem. Not., ¶ 17.). Defendants argue that Plaintiff failed to allege sufficient facts that Sweeney and Hart are subject to individual liability for retaliation (in violation of Ohio Rev. Code § 4112.02(I)) or aiding

---

[1] Counts V, VI, and VII are incorrectly labeled as Counts VI, VII, and VIII, respectively, in Plaintiff's Complaint. Those counts are corrected for the purposes of this Opinion and Order.

and abetting discrimination (in violation of Ohio Rev. Code § 4112.02(J)). (*Id.*, ¶¶ 19) They claim that Hart stopped working at the same facility as Plaintiff nearly a year before he was terminated, that Sweeney had no supervisory relationship with Plaintiff, and that neither employee was involved in the decision to terminate Plaintiff's employment. (*Id.*, ¶¶ 19–20.) Defendants observe that Plaintiff did allege specific facts regarding Hyde. (*Id.*, ¶ 21.) If Sweeney and Hart are removed as defendants, Defendants assert there would be complete diversity between the parties. (*Id.*, ¶ 23.)

Defendants Sweeney and Hart moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). They argue that all of Plaintiff's claims accrued on the date of his termination, March 3, 2022, and thus that the ELUA, effective April 15, 2021, is applicable to all his claims. (Sweeney Mot., PageID 104–06.) The ELUA amended Chapter 4112 of the Ohio Rev. Code, also known as the Fair Employment Practices Act ("FEPA"). It modified § 4112.08, adding:

> [N]o person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer.

Ohio Rev. Code § 4112.08(A). Section 4112.01(A)(24), also added by the ELUA, reads as follows:

> (24) "Unlawful discriminatory practice relating to employment" means both of the following:
>
> (a) An unlawful discriminatory practice that is prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code;
>
> (b) An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.

In Sweeney and Hart's view, the ELUA's changes to § 4112.08 eliminated individual liability for managers and supervisors under *all* of Ohio Rev. Code Chapter 4112. (*Id.*, PageID 106–07.) Therefore, they assert, Plaintiff's individual supervisory liability claims against Sweeney and Hart under Ohio Rev. Code § 4112.02(I) (for retaliation) and § 4112.02(J) (for aiding and

4

abetting) must be dismissed, and Sweeney and Hart were fraudulently joined. (*Id.*, PageID 106–09.) In Plaintiff's view, the ELUA eliminated individual supervisory liability only for discrimination claims raised under Ohio Rev. Code § 4112.02(A) through (F), not including retaliation and aiding and abetting claims raised under § 4112.02(I) and (J), respectively. (Banks Mot., PageID 150–55.)

Sweeney and Hart separately argue that even if the ELUA did not eliminate Plaintiff's individual supervisory liability claims against them, Plaintiff nonetheless failed to sufficiently plead those claims. (Sweeney Mot., PageID 108–09.)

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. Original jurisdiction under § 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties and where the complaint presents a federal question. *See* 28 U.S.C. §§ 1131, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party that removed the case to federal court bears the burden of establishing federal subject matter jurisdiction." *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008).

Jurisdiction based on diversity of citizenship between the parties, which provided the basis for removal here, exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## ANALYSIS

Defendants assert that this Court has subject matter jurisdiction based on diversity because

5

(1) complete diversity exists between Plaintiff (an Ohio resident) and Defendants Geodis (an LLC with no Ohio citizenship) and Hyde (a Tennessee resident) and (2) the amount in controversy exceeds $75,000. (Rem. Not., ¶¶ 10–32.) Their argument depends on a finding that Defendants Sweeney and Hart, who are Ohio citizens, were fraudulently joined. Plaintiff does not dispute that the amount in controversy requirement is met and does not dispute the citizenship of the parties. (*See* Banks Mot.)

### I. Fraudulent Joinder and Remand to State Court

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). To determine whether a defendant is fraudulently joined, a court must ask whether "it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.'" *Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-cv-2845, 2016 WL 3355456, at *2 (S.D. Ohio June 17, 2016) (Marbley, J.) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). In other words, "the question is whether a colorable cause of action exists against the non-diverse defendant." *Markins v. Southwest Airlines Co.*, No. 5:17 CV 793, 2017 WL 4050195, at *2 (N.D. Ohio Sept. 13, 2017) (citing *Jerome-Duncan*, 176 F.3d at 907).

The removing party bears the burden of demonstrating that no colorable cause of action exists under state law. *Murray*, 2016 WL 3355456, at *2. This burden is "an uphill struggle in persuading the Court that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Eckhart v. DePuy*

6

*Orthopaedics, Inc.*, No. 2:03-CV-1063, 2004 WL 524916, at *2 (S.D. Ohio Mar. 3, 2004) (Smith, J.); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952 (6th Cir. 2011) ("The burden of persuasion on those who claim fraudulent joinder is a heavy one.") (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

Defendants' fraudulent joinder argument depends on a question this Court has previously answered. In *Sherman v. Pub. Emps. Ret. Sys.*, No. 2:22-cv-4161, 2023 WL 6307632 (S.D. Ohio Sept. 28, 2023), this Court held that the plaintiff's claims for retaliation (under Ohio Rev. Code § 4112.02(I)) and aiding and abetting discrimination (under Ohio Rev. Code § 4112.02(J)) against individual supervisor defendants were precluded by Ohio Rev. Code § 4112.08(A). *Sherman*, 2023 WL 6307632, at *11. Upon a motion for reconsideration, though, this Court held that § 4112.08(A) "only absolves supervisory liability for unlawful discriminatory practices identified under § 4112.01(A)(24)(a)." *Sherman v. Pub. Emps. Ret. Sys.*, No. 2:22-cv-4161, 2024 WL 3616249, at *3 (S.D. Ohio Aug. 1, 2024). Section 4112.01(A)(24)(a) does not include retaliation and aiding and abetting claims raised under § 4112.02(I) and (J), respectively, which are described under § 4112.01(A)(24)(b), not (a). *Id.*

This Court recently reiterated this holding and elaborated on its reasoning. *See Parker v. Consolidated Cooperative,* No. 2:23-cv-2099, 2024 WL 4652120, at *2–3 (S.D. Ohio Nov. 1, 2024). By its plain language, division (A)(24)(a) only includes discrimination "prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code." Ohio Rev. Code § 4112.01(A)(24)(a); *see Parker*, 2024 WL 4652120, at *2–3. Division (A)(24)(b) includes discrimination "prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment." Ohio Rev. Code § 4112.01(A)(24)(b). If the Ohio legislature intended § 4112.08(A) to bar individual liability for discriminatory practices in §§ 4112.02(I) and (J), it

7

would not have constrained its effect to practices "described in division (A)(24)(a)." See Ohio Rev. Code § 4112.08(A). Further, the language in § 4112.02(I) and (J) prohibits acts by "any person." In other divisions, including §§ 4112.02(A)–(E), the language specifically prohibits acts by "any employer," "an employment agency or personnel placement service," or "any labor organization." If the legislature intended to limit the application of §§ 4112.02(I) and (J), it would not have used the language "any person."

Here, Plaintiff raised retaliation claims under § 4112.02(I) against "All Defendants," including Sweeney and Hart, and aiding and abetting discrimination claims under § 4112.02(J) against Defendants Sweeney, Hart, and Hyde. (Compl., ¶¶ 41–45, 63.) This Court reiterates its holding that individual supervisory liability claims for retaliation and aiding and abetting discrimination under § 4112.02(I) and (J), respectively, are not precluded by the ELUA. *See Parker*, 2024 WL 4652120, at *3. Accordingly, Defendants' argument that Sweeney and Hart were fraudulently joined to defeat diversity jurisdiction in this Court based on liability changes made under ELUA is not well-taken.

Furthermore, Defendants have not met their heavy burden to show that Plaintiff did not allege colorable claims against Sweeney and Hart under the FEPA. Plaintiff alleges several factual bases for his claims. He asserts that "Defendants," including Sweeney and Hart, "violated R.C. 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute." (Compl., ¶ 45.) Plaintiff also alleges that "Defendants Sweeney, Hart, and Hyde violated R.C. 4112.02(J) when they aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint." (*Id.*, ¶ 63.) Additionally, Plaintiff claims that both Sweeney and Hart were "responsible for, and/or [] participated in, the adverse employment action(s) against" him. (*Id.*, ¶ 9–10.) He claims that he

8

reported his co-workers' alleged racist behavior against him "to Defendants on multiple occasions, but his concerns were never addressed." (*Id.*, ¶ 16–17.) And Plaintiff alleges that "Defendants terminated [him] for using racial slurs." (*Id.*, ¶ 24).

Based on these facts, as alleged, when viewed against the lenient standard applicable to fraudulent joinder claims, this Court cannot say that Plaintiff will be unable to state a claim against Defendants Sweeney and Hart. Therefore, Defendants have failed to establish that Plaintiff fraudulently joined Defendants Sweeney and Hart to defeat diversity jurisdiction in this Court. Accordingly, this Court does not have diversity jurisdiction because Plaintiff, an Ohio citizen, is not completely diverse with all Defendants, namely Sweeney and Hart, who are also Ohio citizens. This Court therefore **GRANTS** Plaintiff's Motion to Remand to State Court (ECF No. 14).

As a result, this Court does not have jurisdiction to decide the merits of Sweeney and Hart's Motion for Judgment on the Pleadings (ECF No. 9), and that Motion is **DENIED AS MOOT**. Of course, Sweeney and Hart may raise their arguments for dismissal in the state court on remand, but this Court has no occasion to take a position on the merits of their Motion. *See Probus v. Charter Communications, LLC*, 234 Fed. App'x 404, 407 (6th Cir. 2007) (holding that the district court erred by deciding the merits of a dispositive motion before determining whether jurisdiction was proper pursuant to a fraudulent joinder argument). This Court only decides that Plaintiff's claims against Defendants Sweeney and Hart are at least colorable under the lenient fraudulent joinder standard.

## II. Attorney's Fees and Costs for Removal Under 28 U.S.C. § 1447(c)

In the event a case is remanded after removal, such an order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In general, objectively unreasonable removals should result in fee awards to plaintiffs." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008) (citing *Martin* at 141). "District courts should consider, however, whether 'unusual circumstances warrant a departure from the rule in a given case.'" *Id.* (quoting *Martin* at 141). "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Id.* at 1059.

Plaintiff contends he is entitled to attorney's fees and costs under 28 U.S.C. § 1447(c) because Defendants lacked an objectively reasonable basis for removal when measured against the deferential fraudulent joinder standard. (Banks Mot., PageID 157–58.) But at the time Defendants removed the case on April 5, 2024, this Court had issued its initial decision in *Sherman* (issued Sept. 28, 2023), but not its decision on reconsideration (issued Aug. 1, 2024). Therefore, when Defendants removed this case, this Court had most recently held that the ELUA had eliminated all individual supervisory liability under the FEPA. *See Sherman*, 2023 WL 6307632, at *11 (S.D. Ohio Sept. 28, 2023). Thus, even though this Court later reconsidered and modified its holding on that question, it was not objectively unreasonable for Defendants to remove Plaintiff's case to this Court on fraudulent joinder grounds. Therefore, this Court **DENIES** Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

## CONCLUSION

This Court **GRANTS** Plaintiff's Motion to Remand to State Court (ECF No. 14), and this case is **REMANDED** to the Franklin County Court of Common Pleas. Plaintiff's request for attorney's fees and costs is **DENIED**. Defendants Sweeney and Hart's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to enter judgment, to remand this case to the Franklin County Court of Common Pleas, and to close the case on the docket of this Court.

**IT IS SO ORDERED.**

<u>**11/20/2024**</u>                                                          <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                                                            **EDMUND A. SARGUS, JR.**
                                                                                              **UNITED STATES DISTRICT JUDGE**